NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, AFL–CIO, and Cincinnati Local American Federation of Television and Radio Artists, AFL–CIO, Respondents.

No. 14245.

United States Court of Appeals
Sixth Circuit.

Jan. 19, 1961.

Hans J. Lehmann, National Labor Relations Board, Washington, D. C., Stuart Rothman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Melvin J. Wells, Attorney, National Labor Relations Board, Washington, D. C., on brief for petitioner.

Milton H. Schmidt, Cincinnati, Ohio, Mortimer Becker, New York City, on brief for respondents.

Before MILLER, CECIL and O'SULLIVAN, Circuit Judges.

PER CURIAM.

This case is before the Court upon a petition of the National Labor Relations Board to enforce its order of December 17, 1959, against the respondents.

At the conclusion of the oral argument, counsel for the Board confessed a procedural error. This was subsequently confirmed in a supplemental memorandum submitted on behalf of the Board. The Trial Examiner refused to require pre-trial statements taken by the General Counsel of witnesses Vernon S. Thornburgh and Gil Sheppard to be given to counsel for the respondents. Excerpts of the testimony of Vernon S. Thornburgh are in the appendix of the petitioner, at pp. 251a to 274a, and in the appendix of the respondents at pp. 90b to 133b. Excerpts of Gil Sheppard's testimony appear in the petitioner's appendix, at pp. 274a to 294a, and in the respondent's appendix at pp. 133b to 154b.

The production of such statements, at the time of the hearing, before the Trial Examiner, was prohibited by regulation of the Board. Subsequently the Board reversed its position, and following N. L. R. B. v. Adhesive Products Corp., 2 Cir., 258 F.2d 403, held that the principle announced in Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, was applicable to Board proceedings. App. 29 U.S.C.A. Rules and Regulations, Section 102.95. In conformity with this changed position, counsel for the Board, on its behalf, confessed procedural error. To correct this error, they request the Court to disregard the testimony of witnesses Thornburgh and Sheppard. Counsel advance the argument that without the testimony of these two witnesses there is still sufficient evidence to support the order of the Board.

██ In considering a petition for the enforcement of an order, our function is to review the record of the proceedings before the Board, its findings of fact and conclusions of law. This Court cannot reverse or modify an order of the Board on questions of fact, unless there is a lack of substantial evidence to support it. Sec. 160(e), Title 29 U.S.C.A.

We cannot speculate on what findings the Board would have made without the testimony of Thornburgh and Sheppard. For us to weigh the evidence without the testimony of these two witnesses would put us in a position of making original findings of fact instead of reviewing the findings of the Board.

█ The case will be remanded to the Board with instructions to correct its procedural error in a rehearing of the charges of unfair labor practices, or to make its findings of fact upon the evidence exclusive of the testimony of witnesses Thornburgh and Sheppard.